IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE DARRISAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-091 |
| | ) | |
| JOHNSON COUNTY SHERIFF'S | ) | |
| DEPARTMENT; JERONMEY DARRISAW; | ) | |
| and RAYMOND GARNER, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Georgia Diagnostic & Classification Prison, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred in Johnson County, Georgia. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    Screening the Amended Complaint**

    **A.    Background**

Plaintiff names the following Defendants: (1) Johnson County Sheriff's Department; (2) Jeronmey Darrisaw, County Commissioner; and (3) Raymond Garner, Investigator with Johnson County Sheriff's Department. (Doc. no. 9, pp. 1-2, 5.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On November 7, 2020, Defendant Jeronmey Darrisaw, a County Commissioner, attempted to "extort" Plaintiff, so Plaintiff went to the Johnson County Sheriff's Department to report the Commissioner for aiding and abetting a criminal organization. (Id. at 4.) However, it was Plaintiff who was arrested without a warrant or probable cause when he went to the Sheriff's Department, and while there, he was placed in a dirty cell and given improper medication when his blood pressure began to rise because the nurse confused Plaintiff with his brother. (Id. at 4, 12-13.) Defendant Garner refused to properly investigate the charges that led to Plaintiff's arrest, and Plaintiff was incarcerated for thirty days without ever seeing a judge; he was released after speaking to the Georgia Bureau of Investigation. (Id. at 13-14.)

Even though Plaintiff had been released, Defendants Darrisaw and Garner continued to harass him, and six months later, Defendant Garner arrested Plaintiff at his home. (Id. at 14.) Defendant Darrisaw alerted Plaintiff's probation officer to the latest arrest, causing the activation of an "old warrant" that resulted in Plaintiff's return to prison on false charges. (Id.) Defendant Garner was the only witness against Plaintiff at his probation revocation hearing on September 17, 2021,[1] and he perjured himself to make the judge believe Plaintiff committed a crime. (Id. at 14, 16.) Each Defendant acted in concert with each other to abuse their powers and deprive Plaintiff of his liberty. (Id. at 16.) Plaintiff seeks a non-specific amount of compensatory and punitive damages. (Id. at 5.)

---

[1]Plaintiff attached to his amended complaint a Petition For Modification / Revocation of Probation that set his probation revocation hearing for September 17, 2021. (Doc. no. 9, p, 16.) The date of the revocation hearing is confirmed by the docket entry of a revocation hearing and an order revoking Plaintiff's probation that same day. See Burke Cnty. Clerk of Court Web Case Mgmt., available at https://burkeclerkofcourt.com; select Case Search; follow "Criminal Search" hyperlink; then search for "Darrisaw, Willie," select 2014-R-0077 (last visited Jan. 12, 2024); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

B.  **Discussion**

1.  **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain

statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claims Concerning the Validity of His Probation Revocation Are Barred Under Heck v. Humphrey

Plaintiff maintains his probation was wrongfully revoked and seeks monetary damages for the actions of Defendants that resulted in his return to prison. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held, "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence" has been reversed, expunged, declared invalid, or called into question by the issuance of a federal writ of habeas corpus. Id. at 486-87. The Heck "favorable termination" rule has been applied to complaints alleging problems with revocation proceedings such as those alleged by Plaintiff. See Reilly v. Herrera, 622 F. App'x 832, 834-35 (11th Cir. 2015) (*per curiam*) (affirming *sua sponte* dismissal of § 1983 complaint brought against probation officers and others alleging conspiracy to fabricate violation of conditions of supervised release because if true, "then the arrest would be unlawful and the revocation itself would be invalid"); Cobb v. Florida, 293 F. App'x 708, 709 (11th Cir. 2008) (*per curiam*) (holding district court correctly dismissed §1983

complaint where necessary implication of granting relief would be finding revocation of probation invalid).

Here, Plaintiff alleges Defendants worked in concert to revoke his probation based on the presentation of false evidence and testimony in retaliation for Plaintiff reporting criminal activity in Johnson County. Bringing groundless charges, based on "incomplete, unsupported evidence" resulted in Plaintiff's wrongful return to prison. (Doc. no. 9, p. 15.) Were these claims resolved in Plaintiff's favor, the outcome would inevitably undermine Plaintiff's current incarceration, placing the claims "squarely in the purview of Heck." Reilly, 622 F. App'x at 835; see also Vickers v. Donahue, 137 F. App'x 285, 289-90 (11th Cir. 2005) (*per curiam*) (affirming summary judgment in favor of probation officers accused of falsely submitting affidavits for arrest for probation violation where plaintiff had available post-revocation relief and successful § 1983 claim would imply invalidity of revocation order and sentenced imposed).

In short, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Accordingly, Plaintiff's claims concerning the validity of his probation revocation are barred under Heck.

### 3. Plaintiff's Claims Arising Prior to the Revocation of his Probation Are Time Barred

Plaintiff's federal claims that are not related to undermining the validity of his probation revocation proceedings are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117

(11th Cir. 2007) (*per curiam*); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987).  In Georgia, such claims for injuries to the person must be brought within two years of their accrual.  Richards v. Cobb Cnty., Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33.  Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual.  See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).  Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff signed his original complaint on October 10, 2023.  (See doc. no. 1, p. 8.)  Plaintiff knew or should have known of the injuries alleged in his complaint, as well as who injured him, when the events described in his complaint – ranging from false arrest, to unconstitutional conditions of confinement in the county jail, to lack of due process based on not having a timely appearance before a judge after being arrested, to the use of false information to revoke Plaintiff's probation  - occurred between November 7, 2020, and his probation revocation proceedings held on September 17, 2021.  (Doc. no. 9, pp. 4, 16.)  As Plaintiff commenced this case over two years after September 17, 2021, his claims that are not related to undermining the validity of his probation revocation are outside of the two-year statute of limitations period and are subject to dismissal.  See, e.g., Wallace v. Kato, 549 U.S. 384, 389 (2007) (explaining claim of false imprisonment is based on detention without legal process, so false imprisonment ends and statute of limitations begins to run once plaintiff held pursuant to legal process); Hughes v. Lott, 350 F.3d 1157, 1160-61, 1163 (11th Cir.

6

2003) (recognizing potential for claims such as illegal search or arrest claim and deprivation of property that would not necessarily imply invalidity of conviction but applying statute of limitations to dismiss such time-barred claims).

4. **Even If Plaintiff's Claims Were Not Barred by <u>Heck</u> or Otherwise Time-Barred, the Sheriff's Department Is Not a Proper Party**

The Johnson County Sheriff's Department is not a proper party because sheriff's departments are not legal entities capable of being sued. <u>See</u> <u>Herrington v. Effingham Cnty. Sheriff's Office</u>, CV 411-099, 2011 WL 2550464, at *1 (S.D. Ga. Apr, 21, 2011) ("However, [Plaintiff] cannot sue the sheriff's department because it is not capable of being sued." (citing <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992) and collected cases)), *adopted by* 2011 WL 2550459 (S.D. Ga. June 27, 2011); <u>Smith v. Dekalb Ctny. Sheriff's Office</u>, Civil Action No. 1:09-CV-2820-TWT, 2010 WL 308984, at *2 (N.D. Ga. Jan. 22, 2010) (same). Further, appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. <u>See</u> 42 U.S.C. § 1983 (subjecting only "persons" to liability); <u>Ga. Insurers Insolvency Pool v. Elbert Cnty.</u>, 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). Thus, Defendant Johnson County Sheriff's Department is not capable of being sued and is subject to dismissal.

5. **Any Potential State Law Claim Should Be Dismissed Without Prejudice**

For the sake of completeness, the Court notes some of Plaintiff's claims could be liberally construed as state law claims, as he mentions, for example, defamation, emotional distress, and loss of property, without specific statutory reference or factual detail. To the extent Plaintiff might have any viable state law claim, it should be dismissed without prejudice so that

Plaintiff may pursue it, if he so chooses, in state court. Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined that the allegations serving as the basis for original federal court jurisdiction fail to state a claim upon which relief may be granted and should be

dismissed. Thus, the Court must conclude the federal courts do not retain jurisdiction over any potential state law claim, and any such claim should be dismissed without prejudice. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well.").

## II.     Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**. The Court also **REPORTS** and **RECOMMENDS** any potential state law claims be **DISMISSED WITHOUT PREJUDICE**.

SO REPORTED and RECOMMENDED this 12th day of January, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA